IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RICHARD L. GLOVER,                                                                    PLAINTIFF
#3449953

v.                                    4:23CV01154-KGB-JTK

FAULKNER COUNTY JAIL, et al.                                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.      Introduction**

Richard L. Glover ("Plaintiff") is in custody at the Crawford County, Arkansas, Detention Center. His claims in this case arise from the time he was incarcerated at the Faulkner County Detention Center (the "Detention Center"). He filed a pro se civil action under 42 U.S.C. § 1983 as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1-3).

The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff's allegations failed to state a claim upon which relief may be granted. (Doc. No. 3).

The Court gave Plaintiff the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.) Plaintiff has filed his Amended Complaint. (Doc. No. 4). The Court will continue screening his claims.

## II.     Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.§ 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Discussion

### A.     Plaintiff's Amended Complaint

In his original Complaint, Plaintiff sued only the Faulkner County Jail. (Doc. No. 2 at 1-2). The Court explained to Plaintiff that the Detention Center is not a "person" subject to suit

under 42 U.S.C. § 1983 and directed Plaintiff to name each party he believes deprived him of his constitutional rights in any Amended Complaint he chose to file. (Doc. No. 3 at 4-5). The Court also directed Plaintiff to "provide specific facts against each named Defendant . . . ," among other things. (Id.).

In his Amended Complaint, Plaintiff named the Faulkner County Sheriff's Office and Faulkner County as Defendants. (Doc. No. 4 at 1-2). Plaintiff says the Detention Center "is in complete violation of the Americans with Disabilities Act." (Id. at 6). Specifically, Plaintiff complais that there is no wheelchair access to the showers, toilets, or tables. (Id. at 5). Plaintiff also says that "there are no hand rails and the wheelchairs do not fit through the cell doors." (Id.)

Plaintiff also complains about the grievance procedure. (Id. at 6). Plaintiff alleges that any grievances filed are answered or ignored by Sergeant Watkins. (Id.). Further, the kiosk has not been working properly for over a month; some inmates cannot use the kiosk or phone because they do not have a booking number. (Doc. No. 4 at 6).

According to Plaintiff, "they" pass out medications only twice a day, when some medications are to be taken more often, and there are no mental health resources such as counseling. (Id. at 5, 6). Plaintiff says he had a seizure recently and it took ten minutes for "anyone other than inmates to help." (Id. at 5). Once someone tended to Plaintiff, "they did nothing but take [his] blood pressure which has been dangerously high." (Id.). And Plaintiff says "[t]hey are charging to see you for any type of health care." (Id. at 6).

Plaintiff takes issue with conditions of confinement at the Detention Center. He says there is mold on the walls, ceilings, and vents. (Id. at 5). And some vents drip water, creating a tripping hazard. (Doc. No. 4 at 5). Additionally, he alleges the cell blocks are over-crowded; he says he is in a 10-man cell block with 23 people. (Id.). Plaintiff complains that the food

served is "cold and not up to USDA or FDA standards," and jailers do not wear hair nets.  (Id. at 6).  Further, "[t]hey do not . . . spray the tables, toilets, or sinks as they should" and "[t]here is no proper order to laundry."  (Id.).  There is no functioning water dispensing tower and the water that comes out of the sink is either very cold or very hot.  (Id.).  Beyond that, it is difficult to get toilet paper and other items.  (Id.).

Plaintiff seeks damages and injunctive relief.  (Doc. No. 4 at 7).

### B. Injunctive Relief

Plaintiff asks for injunctive relief in the form of "changes to the [Detention Center]." (Doc. No. 4 at 7).  Plaintiff is no longer housed in the Detention Center—he is now in Crawford County.  Because Plaintiff is no longer subject to the conditions he seeks to improve, his claim for injunctive relief is moot.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

### C. Plaintiff May Not Represent the Claims of Others

"[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm."  Hollingsworth v. Perry, 570 U.S. 693, 704 (2013).  See also 42 U.S.C. § 1983 (establishing liability "to the party injured).  To the extent a plaintiff seeks relief based on allegations that other inmates were harmed, the plaintiff generally lacks standing to bring that claim.  Hodak v. City of St. Peters, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" (internal citation omitted)).

Further, pro se litigants are not authorized to represent the rights, claims and interests of other parties in any cause of action.  Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); cf. Knoefler

4

v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity.").

Some of Plaintiff's allegations specifically refer to other inmates being harmed. For example, Plaintiff says some inmates are not able to use the kiosk because they have no booking number. And it is not entirely clear as to Plaintiff's other allegations whether he is complaining about things that affected him personally. For example, Plaintiff complains about wheelchair access and about a tripping hazard caused by water dripping from vents. It is unclear if Plaintiff uses a wheelchair, or if he fears tripping when he walks, or both. To the extent Plaintiff seeks to bring claims on behalf of other inmates, Plaintiff may not do so.

### D. Grievance Procedure

Plaintiff complains about the grievance procedure. These claims do not rise to the level of a violation of Plaintiff's Fourteenth Amendment rights. Benton v. Kelley, 784 F. App'x 472, 473 (8th Cir. 2019) (citing Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (prison's grievance procedures confer no substantive rights; they are procedural rights only, which do not give rise to protected liberty interest under the Fourteenth Amendment)).

### E. Deliberate Indifference to Serious Medical Needs

Plaintiff alleges he did not receive proper medical care after he had a seizure. (Doc. No. 4 at 5).

Plaintiff identified himself as a pretrial detainee. (Doc. No. 4 at 3). Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs. Ivey v. Audrain County, Missouri, 968 F.3d 845, 848 (8th Cir. 2020). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison

officials had actual knowledge of, but deliberately disregarded, that need. See Id. "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "Mere negligence is not sufficient to support a cause of action under § 1983." Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

Plaintiff does not make allegations against any individual in connection with this claim and he has not alleged that an official custom or unofficial practice was the driving force of the alleged violation. Plaintiff also does not describe how he was harmed by the alleged deliberate indifference. As such, there is no basis for liability under § 1983.

Plaintiff complains that inmates are charged for all types of health care. (Doc. No. 4 at 6). Without more, that allegation does not arise to the level of a constitutional violation. See Englehart v. Dasovick, 12 F.3d 1102 (8th Cir. 1993) (per curiam) (no violation where inmate was not denied care based on inability to pay, but was charged after receiving the care).

### F. Americans With Disabilities Act

Plaintiff says the Detention Center "is in complete violation of the Americans With Disabilities Act ("ADA")."

Plaintiff's claims arise under Title II of the ADA. Pennsylvania Dep't. of Corr. v. Yeskey, 524 U.S. 206, 210 (1998). Title II of the ADA provides: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

> To state a claim under Title II of the ADA, a Plaintiff must allege (1) that he is a qualified individual with a disability; (2) that he was excluded from participation

6

in or denied the benefits of the [prison's] services, programs, or activities, or was otherwise subjected to discrimination by the [prison]; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.

Rinehart v. Weitzell, 964 F.3d 684, 688 (8th Cir. 2020).

A "qualified individual with a disability" is an individual "who, with or without reasonable modifications to rules, policies, or practices, . . . or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). The ADA defines disability as "a physical or mental impairment that limits one or more major life activities of such individual; a record of such impairment; or being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1). Major life activities are described as caring for oneself, performing manual tasks, lifting, bending, learning, reading, as well as functions of the immune system, among numerous other things. 42 U.S.C. § 12102(2)(A), (B). "'Substantially limits' is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). In determining whether a plaintiff's disability substantially limits a major life activity, courts may consider, as compared to others, "'the difficulty, effort, or time required [for the plaintiff] to perform a major life activity," among many other factors. 29 C.F.R. § 1630.2(j)(4)(i), (ii).

Plaintiff does not explain any conditions from which he suffers or how those conditions impact his ability to perform major life activities. He also does not say that he has a record of an impairment or that he is regarded as having an impairment. As such, he has not established that he is a qualified individual with a disability. As a result, Plaintiff's ADA claim fails.

G. **Conditions of Confinement**

Plaintiff alleges: there is mold on the walls, ceilings, and vents; some vents drip water, creating a tripping hazard; the cell blocks are over-crowded; the food served is "cold and not up to

USDA or FDA standards" and jailers do not wear hair nets; "[t]hey do not . . . spray the tables, toilets, or sinks as they should"; "[t]here is no proper order to laundry"; there is no functioning water dispensing tower and the water that comes out of the sink is either very cold or very hot; and it is difficult to get toilet paper and other items. (Doc. No. 4 at 5-6).

Plaintiff is no longer incarcerated in the Detention Center—so he is not at a substantial risk of harm from any of the alleged unlawful conditions.

The Court provided Plaintiff detailed guidance as to what any Amended Complaint should contain. (Doc. No. 3 at 4-5). For example, the Court directed Plaintiff to "explain how each Defendant's actions harmed him personally," among other things. (Id. at 4). Regardless, Plaintiff did not describe any injury that he suffered as a result of the alleged unlawful conditions (or any other alleged violation). Without more, Plaintiff's allegations fail.

### H. Faulkner County Sheriff's Office

Plaintiff named the Faulkner County Sheriff's Office as a Defendant. A Sheriff's Office, however, is not an entity subject to suit in an action pursuant to 42 U.S.C. § 1983. See Ketchum v. City of W. Memphis, 974 F.2d 81, 82 (8th Cir. 1992). Accordingly, Plaintiff's claims against the Faulkner County Sheriff's Office fail.

Because Plaintiff failed to state a claim on which relief may be granted, his Complaint should be dismissed without prejudice.

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 4th day of January, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."